UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH MEMORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00819-JMS-MJD |
| | ) | |
| CLAUDIA KELLEY, | ) | |
| CHANIA WHITAKER, | ) | |
| CALEB SMITH, | ) | |
| EARLHAM COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

## **ENTRY**

In January 2018, Plaintiff Joseph Memory filed this lawsuit in Indiana state court alleging that at least one fellow student put his name on a "Black List" of individuals at Earlham College ("Earlham College" or "the College") who have committed sexual misconduct. Mr. Memory has sued three students, Claudia Kelley, Chania Whitaker, and Caleb Smith ("the Individual Defendants"), in addition to Earlham College, alleging a variety of state-law claims as a result of his "black listing" and other allegedly false accusations. Mr. Memory also alleges a Title IX claim against the College, which permitted the College to remove the matter based upon the Court's federal question jurisdiction. Ms. Kelley's Motion to Dismiss, [Filing No. 17], presently pending before the Court, challenges the legal sufficiency of Mr. Memory's state-law claims. The Court agrees that Mr. Memory's Complaint fails to comply with federal pleading standards, and therefore **GRANTS** Ms. Kelley's Motion, [Filing No. 17], and **DISMISSES** Mr. Memory's current Complaint with leave to re-plead his defamation and intentional infliction of emotional distress claims.

# I.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief.[1] The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court may not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Mr. Memory's fraud claim is governed by the heightened pleading standard imposed by Federal Rule of Civil Procedure 9, which provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The

---

[1] Mr. Memory's citation to an Indiana Supreme Court opinion applying Indiana Trial Rule 12(B)(6) for the motion to dismiss legal standard is misplaced. Because this matter now pends in federal court, the Federal Rules of Civil Procedure, as interpreted by the Seventh Circuit and the United States Supreme Court, dictate the standards of review for Ms. Kelley's Motion.

particularity requirement requires the plaintiff to allege "the who, what, when, where, and how: the first paragraph of any newspaper story." *United States v. Lockheed–Martin Corp.*, 328 F.3d 374, 376 (7th Cir .2003) (citation omitted)

## II.
### BACKGROUND

Consistent with the standard set forth above, the Court recites the facts as detailed in Mr. Memory's Complaint, which are treated as true for the purpose of resolving Ms. Kelley's Motion. The Court makes no assessment of the actual truth of Mr. Memory's allegations at this stage.

Mr. Memory and the Individual Defendants were all students at Earlham College. [Filing No. 1-1 at 2.] On April 10, 2017, Ms. Kelley published the "Earlham Black List" ("Black List") on a social media site. [Filing No. 1-1 at 2.] This Black List, which included Mr. Memory's name, "purported to be a 100% anonymous document of the names of individuals at Earlham College who are sexual predators and abusers." [Filing No. 1-1 at 2.]

According to Mr. Memory, the Individual Defendants conspired and campaigned to tarnish Mr. Memory's reputation by "stat[ing] and publish[ing] false and untrue accusations" of sexual misbehavior. [Filing No. 1-1 at 2-3.] The College likewise "[held] meetings, [sent] out mass emails[,] and [held] class discussions relat[ing] to the [Black List] without ever taking any steps to denounce the [Black List] or otherwise defend those students whose names were included thereon." [Filing No. 1-1 at 3.] Defendants made statements falsely implying that Mr. Memory had engaged in a variety of inappropriate sexual behaviors. [Filing 1-1 at 3-9.] Mr. Memory provides no further elaboration on the content or nature of these accusations, discussions, meetings, and campaigns.

On January 29, 2018, Mr. Memory brought suit in Indiana state court, alleging that Defendants' actions constitute defamation *per se* and defamation *per quod*; that the Individual

Defendants' actions constitute fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress; and that the College's actions violated Title IX and breached its contract with Mr. Memory.[2] [Filing No. 1-1 at 3-13.] On March 14, 2018, the College removed this matter to this Court on the basis of federal question jurisdiction. [Filing No. 1.] On April 19, 2018, Ms. Kelley filed her Motion to Dismiss, [Filing No. 17], which is fully briefed and ripe for decision.

### III.
### DISCUSSION

Ms. Kelley argues that the Complaint fails to state a claim for defamation, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress. The Court addresses each claim in turn.

**A. Defamation**

First, Ms. Kelley argues that Mr. Memory has failed to sufficiently allege a defamation claim against her because Mr. Memory has failed to set forth an allegedly defamatory statement. [Filing No. 17 at 2-3.] Ms. Kelley also argues that Mr. Memory's general allegations of defamatory "statements made verbally and published" fail to support a claim because they fail to put Ms. Kelley on notice of what the alleged statements were and who spoke or wrote the statements, among other problems. [Filing No. 17 at 4-5.]

In response, Mr. Memory argues that he sufficiently set forth the defamatory statement, pointing to his allegations regarding the Black List. [Filing No. 20 at 2-3.]

---

[2] On April 18, 2018, the Court granted Earlham College's unopposed Motion to Dismiss Mr. Memory's defamation claims against it, leaving only the Title IX and breach of contract claims pending against the College. [Filing No. 13.]

4

In reply, Ms. Kelley reiterates her arguments that Mr. Memory has failed to state a claim. [Filing No. 34 at 1-3.] Ms. Kelley also argues for the first time that Mr. Memory failed to adequately allege malice. [Filing No. 34 at 3-4.]

To succeed on a defamation claim at trial, a plaintiff must prove that the defendant made a false statement "with defamatory imputation, malice, publication, and damages." *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 136 (Ind. 2006) (internal quotation omitted). "A statement is defamatory if it tends 'to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person.'" *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010) (quoting *Kelley v. Tanoos*, 865 N.E.2d 593, 596 (Ind. 2007)). A statement may constitute defamation *per se* where, among other things, it imputes criminal or sexual misconduct. *Id.* Damages are presumed in such instances. *Id.* In contrast, an action for defamation *per quod* requires "the context of extrinsic evidence" to establish the defamatory character of the statement, and a plaintiff must independently prove damages resulting from the statement. *Id.*

"[D]efamation claims are not subject to Rule 9's heightened pleading requirement." *Med. Informatics Eng'g, Inc. v. Orthopaedics Ne., P.C.*, 458 F. Supp. 2d 716, 722 (N.D. Ind. 2006) (citing *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003)). But even under the liberal notice pleading standards applicable to defamation claims in federal court, "a party asserting a defamation claim must provide some context as to when and how the allegedly defamatory statement was made 'to allow the defendant to form an appropriate response.'" *Britt Interactive LLC v. A3 Media LLC*, 2017 WL 2118513, at *5 (S.D. Ind. 2017) (quoting *Farr v. St. Francis Hosp. & Health Ctrs.*, 2007 WL 2793396, at *4 (S.D. Ind. 2007)) (citing *Cowgill v. Whitewater Publ'g*, 2008 WL 2266367, at *1 (S.D. Ind. 2008)); *cf. Trail*, 845 N.E.2d at 136

("[E]ven under [Indiana's] notice pleading [standard], a plaintiff must still set out the operative facts of the claim. Indeed, hornbook law stresses the necessity of including the alleged defamatory statement in the complaint.").

Most of Mr. Memory's allegations are far too general to state a claim to relief. For example, Mr. Memory alleges that the Individual Defendants "verbally" made "[s]pecific false, misleading, inaccurate, derogatory, negative and defamatory statements" implying sexual misconduct. [Filing No. 1-1 at 2.] These allegations merely recite the elements of a defamation claim. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action . . . do not suffice."). Most importantly, such allegations fail to place the Individual Defendants on notice of what it is they allegedly did wrong.

The allegations that come closest to providing the required factual support appear at rhetorical paragraphs 11, 12, and 13 of Mr. Memory's Complaint:

> 11. On or about April 10, 2017, CLAUDIA caused to be published through social media a document called the "Earlham Black List".
> 12. The "Earlham Black List" purported to be a 100% anonymous document of the names of individuals at Earlham College who are sexual predators and abusers.
> 13. Included on the "Earlham Black List" was the name Joseph Memory at a time that MEMORY was a student at EARLHAM COLLEGE.

[Filing No. 1-1 at 2.]

Ultimately, however, the Court agrees with Ms. Kelley that these particular allegations likewise fail to provide the required "context as to when and how the allegedly defamatory statement was made." *Britt Interactive*, 2017 WL 2118513, at *5. Missing, for example, is what

the Black List said and where or to whom it was published (i.e. what "social media" site or group).[3] Such allegations are integral to allow Ms. Kelley to "form an appropriate response" to the allegations. *Id.* (internal quotation omitted).

The Complaint contains even sparser allegations concerning the other Individual Defendants, failing to connect any such Defendant to a particular defamatory statement. The Court therefore concludes that Mr. Memory's defamation claims must be dismissed against all Defendants with leave to re-plead his defamation claims (including the Black List claim) in accordance with the standards set forth above.[4] See *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of the moving defendants . . . ."). Mr. Memory's amended complaint should omit conclusory statements and unnecessary fillers, such as the laundry list of alleged imputations of sexual misbehavior contained in paragraph 24 of the Complaint. [Filing No. 1-1 at 4 ("Specific . . . defamatory statements . . . includes [sic] directly and/or implies [sic], but are not limited to, the following sorts of conduct: a. Rape; b. Non-consensual sexual encounters; c. Utilizing intoxicants to take advantage of others; d. Illegal sexual encounters with person's [sic] under the age of consent; [and so on].").] Instead, the amended complaint should state who made each allegedly defamatory statement, what it is that they said or wrote, and where or to whom the statements were made. Finally, Mr. Memory's defamation *per*

---

[3] The Court disagrees with Ms. Kelley's belated challenge in her reply brief to Mr. Memory's allegations of malice. [*See* Filing No. 34 at 3.] Contrary to Ms. Kelley's assertion that additional factual allegations are required, Rule 9(b) expressly provides that "[m]alice . . . and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004).

[4] Mr. Memory may not re-plead his defamation claim against the College, which was previously dismissed after Mr. Memory failed to respond to the College's Motion to Dismiss. [Filing No. 13.]

*quod* claims lack any plausible allegation of damages; the conclusory statements that others have been "deterred . . . from dealing or associating" with Mr. Memory do not support the plausibility of these claims. Any re-pleaded defamation *per quod* claims should explain how Mr. Memory was harmed thereby.

**B. Fraud**

Ms. Kelley next argues that the Complaint fails to state a fraud claim against the Individual Defendants under the heightened pleading standard of Rule 9(b). [Filing No. 17 at 5-7.] In response, Mr. Memory block quotes his Complaint and argues, in one paragraph, that his allegations are sufficient. [Filing No. 20 at 3-5.] Ms. Kelley reiterates her arguments in reply. [Filing No. 34 at 4-6.]

Indiana law requires a plaintiff alleging fraud to establish "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of." *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013). Reliance, the fifth element of a fraud claim, requires "the plaintiff's reasonable reliance on the defendant's misrepresentations." *Munsell v. Hambright*, 776 N.E.2d 1272, 1281 (Ind. Ct. App. 2002); *BSA Contr. LLC v. Johnson*, 54 N.E.3d 1026, 1032 (Ind. Ct. App. 2016) ("Reliance by its nature requires not merely that a misstatement was made, but also that the complaining party took some kind of action in response to the misstatement.").

Mr. Memory's allegations do not state a claim for fraud. Mr. Memory does not allege that Defendants made the alleged statements to deceive Mr. Memory. Nor does he allege that he was injured because he relied upon such statements. Instead, he asserts that he was injured because

*other people* relied upon Defendants' false statements. If anything, those who relied upon any fraudulent statements (the various Defendants in this matter, according to Mr. Memory) could maintain a fraud action if they could demonstrate that they were harmed by relying on such statements. Nothing in Mr. Memory's submissions indicates that he can cure this shortcoming in his legal theory. The Court therefore **GRANTS** Ms. Kelley's Motion to Dismiss Mr. Memory's fraud claims with prejudice.

### C. Intentional Infliction of Emotional Distress

Ms. Kelley next argues that the Complaint fails to plausibly allege a claim for intentional infliction of emotional distress claim. [Filing No. 17 at 7-9.] In response, Mr. Memory argues that the allegations are sufficient and that his claim should not be resolved on the pleadings. [Filing No. 20 at 5-6.]

To prove a claim for intentional infliction of emotional distress, a plaintiff must establish that the defendant "(1) engage[d] in extreme and outrageous conduct (2) which intentionally or recklessly (3) cause[d] (4) severe emotional distress to another." *Bah v. Mac's Convenience Stores, LLC*, 37 N.E.3d 539, 549 (Ind. Ct. App. 2015) (internal quotations omitted).

As explained above, Mr. Memory's Complaint relies heavily upon conclusory statements which largely fail to put the Individual Defendants on notice of the conduct underlying Mr. Memory's claims. Mr. Memory will be permitted to re-plead his intentional infliction of emotional distress claims, along with his defamation claims, to identify the conduct that he believes to be outrageous. The Court therefore dismisses Mr. Memory's intentional infliction of emotional distress claim without prejudice.

### D. Negligent Infliction of Emotional Distress

Finally, Ms. Kelley argues that the Complaint fails to state a claim for negligent infliction of emotional distress. [[Filing No. 17 at 9-11](#).] Mr. Memory does not respond to this argument. The Court finds that Mr. Memory has abandoned this claim and therefore **GRANTS** Ms. Kelley's motion to dismiss the negligent infliction of emotional distress claim with prejudice.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ms. Kelley's Motion to Dismiss [17] as follows:

- Mr. Memory's fraud and negligent infliction of emotional distress claims are **DISMISSED WITH PREJUDICE** and may not be re-pleaded;

- Mr. Memory's defamation and intentional infliction of emotional distress claims are **DISMISSED WITHOUT PREJUDICE**; and

- Mr. Memory is **ORDERED** to file an amended complaint on or before **June 15, 2018**. The amended complaint may re-allege his defamation and intentional infliction of emotional distress claims against the Individual Defendants in addition to the Title IX and breach of contract claims against Earlham College, which are not affected by this Order.

As Mr. Memory's current Complaint will no longer be the operative pleading, the Court **DENIES AS MOOT** Mr. Smith's Motion to Dismiss [26].

Mr. Memory's forthcoming amended complaint will be his final opportunity to take advantage of the liberal amendment standards provided in Rule 15(a)(2). Indeed, Mr. Memory could have amended his Complaint without leave instead of responding to Ms. Kelley's Motion, Fed. R. Civ. P. 15(a)(1)(B), a provision that is designed to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion," Fed. R. Civ. P. 15

advisory committee's note (2009 Amendment). As Mr. Memory elected not to take advantage of this opportunity, further pleading amendments will be permitted only upon a showing of good cause.

Date: 5/17/2018

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**