UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH MEMORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-00819-JMS-MJD |
| ) | |
| CLAUDIA KELLEY, ) | |
| CHANIA WHITAKER, ) | |
| CALEB SMITH, ) | |
| EARLHAM COLLEGE, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

On May 7, 2018, the Court ordered Plaintiff to make an initial settlement demand on or before June 6, 2018. [Dkt. 33.] Plaintiff failed to comply with the Court's May 7, 2018 order. On July 12, 2018, the Court ordered Plaintiff to serve his belated initial settlement demand on or before July 20, 2018. [Dkt. 47 at 1.] Likewise, Plaintiff failed to comply with the Court's July 12, 2018 order.

On September 21, 2018, the Court issued an Order to Show Cause requiring Plaintiff Joseph Memory and his counsel, Jason P. Wischmeyer, to appear in person before the Court for a hearing on October 2, 2018, to answer as to why they should not be sanctioned for their repeated failures to comply with the Court's orders.

On October 2, 2018, Plaintiff's counsel, Jason Wischmeyer arrived more than twenty minutes late for the show cause hearing. [Dkt. 66 at 1.] The Court found that Plaintiff failed to demonstrate good cause for his failure to comply with his discovery obligations and the orders of the Court, and the Court's order to show cause remained under advisement [*Id.*] The Court

reminded Plaintiff that any further failure to comply with any order of the Court may result in sanctions, to include the possible dismissal of this case [*Id.* at 2]. Faced with the Court's warning, one would imagine that a prudent attorney would have undertaken efforts to ensure his future compliance with all of the Court's orders; however, twenty-one days later, Plaintiff's counsel, Jason Wischmeyer, failed appear for the October 23, 2018 telephonic status conference in this matter, despite having received multiple notices from the Court of that call. [Dkt. 66 at 2 & Dkt. 67.]

In an effort to obtain Plaintiff's compliance, the Court even undertook to call Mr. Wischmeyer's office. The Court reached a staff member who advised that Mr. Wischmeyer was not there.

To date, Plaintiff has repeatedly failed to comply with the Court's orders and has failed to show cause why this action should not be dismissed. Consequently, the Magistrate Judge recommends the Court **DISMISS** this action for Plaintiff's failure to comply with the Court's orders.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 23 OCT 2018

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.