UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH MEMORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00819-JMS-MJD |
| | ) | |
| CLAUDIA KELLEY, | ) | |
| CHANIA WHITAKER, | ) | |
| CALEB SMITH, | ) | |
| EARLHAM COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

## **ENTRY**

Plaintiff Joseph Memory filed this lawsuit in January 2018, alleging that students at Earlham College put his name on a social media "Black List" accusing him and other individuals of committing sexual misconduct. [Filing No. 1; Filing No. 37.] The substance of Mr. Memory's allegations is not currently at issue. Rather, at issue is the repeated failure of Mr. Memory and his counsel to comply with court orders, deadlines, and discovery obligations. These deficiencies culminated in the issuance of an Order to Show Cause, [Filing No. 61], and, after the Magistrate Judge was unsatisfied with the response to the order and show cause hearing, a Report and Recommendation for the dismissal of this case, [Filing No. 69].

Mr. Memory, by counsel, objects to the Magistrate Judge's Report and Recommendation. [Filing No. 70.] While he offers explanations for several of the shortcomings identified by the Magistrate Judge, he does not dispute or controvert that things have progressed precisely as set forth in the Report and Recommendation. Litigants do not get to decide which orders and deadlines to follow. Even where the opposing parties may not press the issue, the Court has its own, independent obligation to facilitate the "just, speedy, and inexpensive" resolution of every

proceeding on its docket. Fed. R. Civ. P. 1. And in a district that is busier than nearly all others in the country, *see* United States Courts, *U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics* 51 (Sept. 30, 2018), http://www.uscourts.gov/sites/default/files/data_tables/ fcms_na_distprofile0930.2018.pdf (Southern District of Indiana ranked third in weighted filings per judgeship), this means that it is incumbent upon counsel to scrupulously adhere to court orders and deadlines, and to impress upon their clients their obligation to do the same. For the reasons more thoroughly set forth below, the Court **OVERRULES** Mr. Memory's Objection and **DISMISSES WITH PREJUDICE** Mr. Memory's Amended Complaint.

## I.
### BACKGROUND

Mr. Memory's noncompliance with deadlines and orders began at the onset of this litigation. As memorialized in a Minute Entry dated July 12, 2018, Mr. Memory failed to serve his initial disclosures, file his preliminary witness and exhibit lists, and serve and submit an initial settlement demand by their respective deadlines of May 30, June 6, and June 6, 2018. [Filing No. 47; Filing No. 33 at 5.] Despite the fact that Mr. Memory's filings were over a month late, the Magistrate Judge extended the deadlines to July 20, 2018, and scheduled another telephonic status conference for September 21, 2018. [Filing No. 47.]

Mr. Memory failed to take advantage of the Magistrate Judge's patience. As of the September 21, 2018 status conference, Mr. Memory still had not served his initial settlement demand—which by that point was over three months overdue based upon the initial deadline and over two months past the extension granted at the July 12, 2018 status conference. [Filing No. 64.] Yet again, the Magistrate Judge provided Mr. Memory with an opportunity to right the ship, ordering Mr. Memory and his counsel to appear in person at a show cause hearing on October 2, 2018. [Filing No. 64.]

At the October 2 show cause hearing, Mr. Memory's counsel again failed to demonstrate that the Magistrate Judge's patience was justified. Three issues, relevant to the current situation, arose at the show cause hearing: First, Mr. Memory's counsel arrived more than 20 minutes late to the hearing. [Filing No. 66 at 1.] Second, Mr. Memory still had not served his initial settlement demand. [Filing No. 66 at 1.] The Magistrate Judge ordered Mr. Memory to serve the demand by the end of the day. Third, Mr. Memory had not responded to discovery served by Earlham College on May 2, 2018, or to discovery served by Chania Whitaker, responses for which were due on September 10, 2018. [*See* Filing No. 66 at 1-2; Audio Recording from Show Cause Hearing.] Mr. Memory did not dispute his counsel's position that the delay, in large part, was due to his failure to communicate with his counsel. [Audio Recording from Show Cause Hearing.] The Magistrate Judge ordered Mr. Memory to effect service of his long overdue discovery responses by midday October 9, 2018. [Filing No. 66 at 1-2.] Again, the Magistrate Judge declined to immediately issue or recommend sanctions, but instead took the show cause order under advisement, scheduled a telephonic status conference for October 23, 2018, and advised Mr. Memory that "any further failure to comply with any order of the Court may result in sanctions, to include the possible dismissal of this case." [Filing No. 66.]

Mr. Memory's counsel failed to appear at the October 23 status conference, despite receiving several electronic notices and despite efforts by the Court to reach out and contact him. [Filing No. 69 at 2 (citing Filing No. 66 at 2; Filing No. 67); Filing No. 68.] Consistent with the warning issued following the show cause hearing, the Magistrate Judge issued a Report and Recommendation, setting forth the history of Mr. Memory's noncompliance with orders and deadlines. [Filing No. 69.] The Magistrate Judge concluded: "To date, Plaintiff has repeatedly failed to comply with the Court's orders and has failed to show cause why this action should not

be dismissed. Consequently, the Magistrate Judge recommends the Court **DISMISS** this action for Plaintiff's failure to comply with the Court's orders." [Filing No. 69 at 2.] Mr. Memory timely filed his Objection to the Magistrate Judge's Report and Recommendation. [Filing No. 70.] The time for the parties to respond has expired, and the Report and Recommendation and Mr. Memory's Objection are therefore ripe for the Court's review.

## II.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) permits a magistrate judge to "hear . . . pretrial matter[s] dispositive of a claim or defense" and to "enter a recommended disposition." Fed. R. Civ. P. 72(b)(1). Upon timely objection to a report and recommendation on a dispositive issue, *see id.* (b)(2), the district judge must give a fresh look to "any part of the magistrate judge's disposition that has been properly objected to," and may thereafter "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions," *id.* (b)(3). As the Seventh Circuit has explained, the *de novo* review required by Rule 72(b) "is not the same as a *de novo* hearing. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) (emphasis and citations omitted). Where appropriate, the district court may "take additional evidence" or conduct additional proceedings, "[b]ut if following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Id.*

## III.
### DISCUSSION

As explained above, Mr. Memory's Objection does not contest the Magistrate Judge's factual findings. Nor does it challenge the Magistrate Judge's conclusion that "Plaintiff failed to demonstrate good cause for his failure to comply with his discovery obligations and the orders of the Court." [Filing No. 69 at 1.] Rather, Mr. Memory's Objection provides some explanation for why counsel arrived late for the October 2 show cause hearing (bad traffic) and for why he failed to appear for the October 23 status conference (calendaring mistake). [Filing No. 70 at 1.] Additionally, Mr. Memory suggests that things are now on track—that he complied with the Magistrate Judge's October 2 Order to submit settlement demands and provide discovery responses; that "[s]ince the October 23, 2018, Hearing," Mr. Memory and his counsel have improved their communication; and that Mr. Memory scheduled his deposition and had planned how to respond to Defendants' settlement responses. [Filing No. 70 at 2.] Ultimately, Mr. Memory asks that the Court not dismiss this action in full, but instead permit him to amend his Amended Complaint to voluntarily dismiss his claims against the individual Defendants and permit him to pursue his existing claims against Earlham College. [Filing No. 70 at 3.]

The Federal Rules of Civil Procedure permit the sanction of dismissal for failure to comply with court orders. *See* Fed. R. Civ. P. 41(b). The decision to dismiss a lawsuit as a sanction is committed to the sound discretion of the District Court. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 782 (7th Cir. 2016); *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012) (per curiam). Dismissal is a drastic sanction, appropriate when "there is a clear record of delay or contumacious conduct," *McInnis*, 697 F.3d at 664 (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011)), including a pattern of "persistent failure to comply with discovery and scheduling order. Moreover, a district court's power to dismiss a case serves not only to protect defendants

but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in dilatory behavior." *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997) (internal quotations and alterations omitted). Dismissal under Rule 41 generally requires forewarning that the sanction may be forthcoming. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006). While the Court should "consider less severe sanctions before dismiss[al]," there is no requirement of "progressive discipline" or "'warning shot[s]' in the form of less severe sanctions." *Id.* at 665 (collecting cases).

> Appropriate factors to consider in evaluating dismissal as a sanction include
>
> the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and . . . the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993); *see also Ladien*, 128 F.3d at 1056 n.5 ("We might be more reluctant to uphold this sanction of dismissal if the contumacious conduct was solely the work of Dr. Ladien's attorney. . . . This is not the case, however, because the record is replete with misconduct performed solely by Dr. Ladien himself."). The Seventh Circuit has "upheld dismissal for plaintiffs who fail to attend multiple hearings and have been warned of the possibility of dismissal" as well as "dismissals where a singly nonappearance was combined with other instances of violating court orders." *McInnis*, 697 F.3d at 664.

The Court agrees with the Magistrate Judge that Mr. Memory and his counsel's conduct in this case warrants the sanction of dismissal. On three occasions Mr. Memory failed, despite clear orders, to serve his initial settlement demand. Only on the fourth time, when facing the threat of dismissal, did Mr. Memory finally submit a demand to Defendants. By delaying this most basic

task for nearly four months, Mr. Memory deprived the parties and the Court the opportunity to pursue early efforts to resolve this matter by negotiated resolution. As one of the Magistrate Judge's orders explains, the "intent of [the] requirement [of requiring the parties to explain their settlement positions] is to provide information to the Court regarding the viability of the settlement conference sufficiently in advance of the settlement conference to allow the Court to schedule other matters on that date if, in the judgment of the Court, the parties are not yet in a position to conduct fruitful settlement negotiations." [Filing No. 29 at 4.] Mr. Memory's serial delays, with no reasonable explanation and despite persistent reminders and extensions, obstructed these goals and the Court's ability to expeditiously resolve this matter. Similarly, Mr. Memory's neglect of his discovery obligations raised the specter of additional delays to accommodate Defendants' needs to review Mr. Memory's untimely production. [*See* Audio Recording from Show Cause Hearing.] Again, Mr. Memory's dilatory conduct obstructed the orderly resolution of this litigation.

Mr. Memory's Objection suggests that now things are on track and that he would comply with the Court's orders were this matter to proceed. The first problem with his argument is that the Magistrate Judge repeatedly provided Mr. Memory and his counsel with that opportunity, and yet they failed to change their conduct. As a case-in-point, just three weeks following the show cause hearing, at which the Magistrate Judge emphasized Mr. Memory's responsibility to prosecute this case with diligence and warned that continued noncompliance may result in a recommendation of dismissal, Mr. Memory's counsel failed to appear for a telephonic status conference. Mr. Memory has given the Court no reason to think that yet another opportunity for compliance would yield any different result.

Second, Mr. Memory's argument and conduct strongly suggest that he is under the impression that he may litigate this case on his own schedule, without regard for the rights of the Defendants or the authority and obligations of the Court. As the Seventh Circuit has aptly explained, an "overriding principle at stake involves the district court's ability to mitigate the scourge of litigation delays setting deadlines to force parties and their attorneys to be diligent in prosecuting their causes of action." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606-07 (7th Cir. 2006). "'Adherence to reasonable deadlines is critical to [maintaining] integrity in court proceedings.' . . . If the court allows litigants to continually ignore deadlines . . . without consequence, soon the court's scheduling orders would become meaningless." *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (1990)). This Court is unwilling and unable to tolerate continued noncompliance with its orders and deadlines when hundreds upon hundreds of other cases, with diligent litigants, require attention. No factor, such as the possible merit of any of Mr. Memory's claims, outweighs the myriad factors— including his continued neglect of the Court's orders, the imposition his delays have had on the Court's schedule and on Defendants' ability to conduct discovery to defend the case, and Mr. Memory's partial personal responsibility for his failure to communicate with his attorney regarding discovery—which confirm that dismissal is appropriate.

### IV.
#### CONCLUSION

After months of patient oversight from the Magistrate Judge, with no meaningful progress to show for it, the time has come for this case to end. The Court therefore **OVERRULES** Mr. Memory's Objection [70] to the Magistrate Judge's Report and Recommendation [69] and **DISMISSES WITH PREJUDICE** Mr. Memory's Amended Complaint. Final judgment will issue accordingly.

Date: 12/28/2018

_____
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**